UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TRACY MICHELLE BOMBKA,**

        **Plaintiff,**

**v.**                                               **Case No:   6:20-cv-234-Orl-18EJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Tracy Michelle Bombka appeals to this Court pursuant to Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g), as amended, to review a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for social security disability benefits ("DIBs") and supplemental social security income ("SSI"). The Court has reviewed the record, including the administrative law judge's ("ALJ") decision, the administrative record, and the pleadings and joint memorandum submitted by the parties. After due consideration, I recommend that the Commissioner's final decision be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

**I.    PROCEDURAL BACKGROUND**

On May 7, 2014, the Plaintiff applied for DIBs and SSI under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416, 423. (Tr. 226–233.) The claims were denied initially and on reconsideration. (Tr. 137–144, 145). A hearing was held on July 13, 2017, before the ALJ. (Tr. 44–85). The ALJ issued an unfavorable decision on August 4, 2017. (Tr. 7–26). The denial was appealed to the Appeals Council and, on January 18, 2019, the Appeals Council declined the request to review. (Tr. 1–6). Therefore, the Plaintiff has exhausted all the administrative remedies

available to her under the law, and her case is now ripe for review under the regulations of the Social Security Act, 42 U.S.C. § 405(g).

## II.     ALJ'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

An individual is considered disabled and entitled to disability benefits if the person is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In evaluating a DIBs or SSI claim, the Commissioner must use the following five-step sequential analysis:

1. If the applicant is working, the claim is denied.

2. If the impairment is determined not to be severe—i.e., if the impairment or combination of impairments does not significantly limit the individual's physical or mental ability to do basic work—then the claim is denied.

3. If the impairment or combination of impairments meets or medically equals one of the specific impairments listed in the regulations, then the claimant is entitled to disability benefits. If not, then the Commissioner proceeds to step four.

4. If the claimant has the residual functional capacity ("RFC") to perform past work, then the claim is denied. If not, then the Commissioner proceeds to step five.

5. If the claimant cannot perform past work, then the Commissioner must determine whether there is substantial work in the economy that the claimant can perform. If so, the claim is denied.

*See* 20 C.F.R. §§ 404.1520–404.1576; *Id.* §§ 416.920–416.976.

Here, the ALJ performed the sequential analysis through step five. (Tr. 12–21.) Prior to reaching step one, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 12.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 15, 2011, the onset date of the alleged disability. (*Id.*) At step two, the ALJ determined that Plaintiff had the following severe impairments: chronic obstructive pulmonary disease (COPD), hypertension, history of congestive heart failure, anxiety disorder, scoliosis of the thoracolumbar spine, degenerative disc and joint disease of the cervical spine, depressive disorder, history of ulcerative colitis, personality disorder, and attention deficit disorder (ADD). (*Id.*) Additionally, the ALJ found that, although Plaintiff sought treatment for or was diagnosed with chronic exostosis of the left foot, osteopenia, anemia, hyperlipidemia, gastroesophageal reflux disease, restless leg syndrome, allergies, skin disorder, vitamin D deficiency, and had a history of polysubstance use disorder, the evidence did not establish these treatments or diagnoses imposed vocationally restrictive limitations for a period of 12 continuous months. (*Id.* at 13.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

Before proceeding to step four, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform:

> Light work as defined in 20 C.F.R. §404.1567(b); §416.967(b),[1] except she needs to avoid ladders or unprotected heights; she needs to avoid the operation of heavy moving machinery; she needs to avoid concentrated dust, fumes, or gases; she needs simple tasks with low stress and no production line; she needs to avoid contact with the public and have only limited contact with coworkers (i.e., performing tasks that do not require assistance from others and that do not require her to assist others); she is limited to occasional bending, crouching, kneeling and stooping; she needs to avoid squatting and crawling; she needs to avoid the push and pull of arm controls; she needs to avoid overhead reaching; and she needs to avoid exposure to extreme heat.

(*Id.* at 15.)

At step four, the ALJ concluded that Plaintiff was not capable of performing her past relevant work as a cashier, based on the testimony of a Vocational Expert ("VE"). (Tr. 19.) At step five, considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform, such as a Hospital Products Assembler, Mail Sorter, and Office Helper. (Tr. 20–21.) As such, the ALJ found that Plaintiff was not under a disability at any time from December 15, 2011, through the date of the decision. (*Id.*)

---

[1] Light work is defined as:

> [L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §404.1567(b); §416.967(b).

**III.   STANDARD**

On judicial review, a Court may determine only whether the ALJ correctly applied the legal standards and if the ALJ's findings are supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir.1997)). A Court may "not reweigh the evidence or substitute [its] own judgment for that of the agency." *Jackson v. Soc. Sec. Admin., Comm'r*, 779 F. App'x 681, 683 (11th Cir. 2019) (citing *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996)).

The Eleventh Circuit defines "substantial evidence" as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Raymond v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 766 (11th Cir. 2019) (citing *Lewis*, 125 F.3d at 1439). A Court determines whether substantial evidence exists by considering evidence that is both favorable and unfavorable to the Commissioner's decision. *Lynch v. Astrue*, 358 F. App'x 83, 86 (11th Cir. 2009). "Even if the evidence preponderates against the [Commissioner's] findings, [the Court] must affirm if the [Commissioner's] decision is supported by substantial evidence. *Gibbs v. Comm'r, Soc. Sec. Admin.*, 686 F. App'x 799, 800 (11th Cir. 2017) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004)).

**IV.   DISCUSSION**

Plaintiff raises two issues with the Commissioner's decision. First, whether the ALJ failed to adequately consider and weigh the medical opinions in the record before determining Plaintiff had the RFC to perform light work with some additional limitations. (Doc. 24 at 12.) Second, whether the ALJ's hypothetical question adequately reflected Plaintiff's limitations and whether the ALJ erred in relying on the testimony of the Vocational Expert ("VE"). (*Id.* at 24.)

### A. The RFC was supported by substantial evidence

In the decision, the ALJ concluded that Plaintiff has the RFC to perform light work with some additional limitations. (Tr. 15.) Plaintiff argues the conclusion is not supported by substantial evidence because the ALJ failed to assign weight to the records of treating physician Dr. Nguyen Vu, M.D. ("Dr. Vu"), and the various treatment providers who saw Plaintiff at Stewart-Marchman-Act Behavioral Healthcare (hereinafter "Stewart-Marchman"). (Doc. 24 at 14.) Plaintiff posits that by not indicating the weight assigned to what she assets are medical opinions of Dr. Vu and the providers at Stewart-Marchman, "we cannot know how the opinions were factored into the residual functional capacity determination." (*Id.* at 18.) In support, Plaintiff cites to *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011), wherein the Eleventh Circuit stated that when the ALJ fails to indicate the weight assigned to a treating physician, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." (Doc. 27 at 14.)

In response, the Commissioner argues that the notes, subjective complaints, and objective findings made by Dr. Vu and providers at Stewart-Marchman do not constitute medical opinions regarding Plaintiff's functional abilities. (*Id.* at 21.) Instead, the Commissioner asserts that Dr. Vu's treatment notes are written statements of Plaintiff's self-reported, subjective symptoms, not opinions, and therefore should not be assigned a weight. (*Id.*) Similarly, the notes from Stewart-Marchman contain Plaintiff's subjective complaints and are not opinions, or to the extent the notes contain objective findings from nurse practitioners Kristi Fuson ("Fusion") and Melissa Gad ("Gad"),[2] these providers are not acceptable medical sources under the regulations and do not

---

[2] Of note, the Commissioner argues Fusion and Gad are "nurse practitioners," and therefore, their treatment notes are not medical opinions entitled to weight. (Doc. 24 at 21–22.) The treatment notes do not use the term "nurse practitioner" and instead list Fusion and Gad as

need to be assigned weight. (*Id.* at 22) (citing 20 C.F.R. §§ 404.1502, 404.1513(a), (d), 404.1527(a)(2), 416.902, 416.913(a), (d), 416.927(a)(2); SSR 06-3p, 71 Fed. Reg. 45,593-03 (Aug. 9, 2006)).[3]

The Code of Federal Regulations defines medical opinions as "statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [claimant's] symptoms, diagnosis and prognosis, what [claimant] can still do despite impairment(s), and [claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527; *see also Winschel*, 631 F.3d at 1179 (finding that the treatment notes constituted a medical opinion because they included a "description of [Plaintiff's] symptoms, a diagnosis, and a judgment about the severity of [Plaintiff's] impairments"). An ALJ must assign weight to each medical opinion and articulate the basis for the weight assignment. *Winschel*, 631 F.3d at 1179. ("[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor") (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). Failure to state the weight assigned to an opinion amounts to reversible error. *Caldwell v. Barnhart*, 261 F. App'x

---

"Diagnosing Clinician[s]" but contain no information regarding the credentials of either. (Tr. 509, 511, 513, 525, 543, 545, 553.) Plaintiff does not discuss the "diagnosing clinician" notation, argue that Fusion or Gad are not nurse practitioners, or otherwise argue that Fusion or Gad meet the definition of an acceptable medical source. Therefore, the undersigned will assume that Fusian and Gad are nurse practitioners.

[3] At the time Plaintiff filed this action in May of 2014, a nurse practitioner was not an acceptable medical source and their opinions were not accorded any special deference. The undersigned notes that the term "acceptable medical source" was amended and is now defined by 20 C.F.R. § 404.1502(a), which provides that a "Licensed Advanced Practice Registered Nurse" is an "acceptable medical source" for "impairments within his or her licensed scope of practice." 20 C.F.R. § 404.1502(a)(7). However, section 404.1502(a)(7) applies only to claims filed on or after March 27, 2017, and, therefore, does not apply here. *See Bruton v. Comm'r of Soc. Sec.*, No. 616-cv-1209-Orl- 37DCI, 2017 WL 9362923, at *7 (M.D. Fla. Aug. 25, 2017), *report and recommendation adopted*, 2017 WL 4174314 (M.D. Fla. Sept. 21, 2017).

188, 190 (11th Cir. 2008) (citing *Sharfarz*, 825 F.2d at 279). Additionally, "[t]he ALJ must give a treating physician's opinion 'substantial or considerable weight unless good cause is shown to the contrary.'" *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 (11th Cir. 2019) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004)). Even if the ALJ fails to apply the regulations properly, such errors are deemed harmless if the error would not contradict the ALJ's ultimate findings. *Caldwell*, 261 F. App'x at 190 (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

The ALJ is required to consider every medical opinion. 20 CFR §§ 404.1527 (d), 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). However, there is no requirement that an ALJ must specifically refer to every piece of non-opinion evidence in his decision. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). So long as the ALJ's decision is not a broad rejection of the medical record, which would allow a court to conclude the ALJ failed to consider a claimant's medical condition as a whole, then it is supported by substantial evidence. *Id.*; *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)).

Plaintiff cites to the following statements from Dr. Vu's records and alleges that they are medical opinions: Plaintiff had problems walking small distances (Tr. 380); tenderness in her foot (Tr. 371, 373, 380); weakness (Tr. 582); constant pain (Tr. 569); and pain radiating into her left arm and thumb (Tr. 582). (Doc. 24 at 18.) She also cites to the Stewart-Marchman treatment notes prepared by nurse practitioners Fuson and Gad stating that Plaintiff was experiencing paranoia and hallucinations (Tr. 509, 511, 513, 525, 543, 545, 553) as medical opinions requiring the ALJ's consideration and weight. (Doc. 24 at 18.)

Neither Dr. Vu's treatment notes nor the notes from Stewart-Marchman[4] referenced by Plaintiff or found in the administrative record provide insight into Plaintiff's mental restrictions or abilities. (Tr. 350–80, 505–65.) Instead, they memorialize Plaintiff's complaints, mental status exams, and treatment plan. (*Id.*) They do not discuss Plaintiff's functional limitations or otherwise provide information about what the Plaintiff can do. (*Id.*); *see Lara v. Comm'r of Soc. Sec.*, 705 F. App'x 804, 812 (11th Cir. 2017) ("[A]t least some of the records contain no judgments about the nature and severity of [Plaintiff's] impairments and thus do not contain opinions."); *Duarte v. Comm'r of Soc. Sec.*, No. 8:15-cv-1465-T-36TBM, 2016 WL 5403413, at *5 (M.D. Fla. Sept. 28, 2016) (finding that treatment notes that listed "[the plaintiff's] subjective complaints, mental status exams, and treatment plans" did not constitute a medical opinion for which the ALJ was required to assign weight); *Williams v. Comm'r of Soc. Sec.*, No. 3:15-cv-78-J-PDB, 2016 WL 944263, at *5 (M.D. Fla. Mar. 14, 2016) (finding that the treatment notes did not constitute an opinion, despite noting the plaintiff's pain upon ambulation, because the notes never made an evaluation on the plaintiff's ability to walk).

The ALJ detailed his consideration of the objective medical findings in the record, specifically referencing those from Stewart-Marchman in support of his decision, stating that the Stewart-Marchman notes establish that: "[d]espite [Plaintiff's] reports to the contrary, [Plaintiff's] attention, concentration, and memory were generally noted as adequate to normal with no more

---

[4] As previously explained, the notes from Stewart-Marchman were prepared by nurse practitioners, not medical doctors, and are therefore not medical opinions requiring an assignment of weight. *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (holding that nurse practitioners are not acceptable medical sources, so their opinions are not medical opinions). As such, even if the Stewart-Marchman treatment notes contained judgments about the severity of Plaintiff's impairments, limitations, restrictions, or judgments of the Plaintiff's abilities despite her impairments, the ALJ was under no duty to consider them and assign them weight as they are not medical opinions.

than mild impairment noted at times." (Tr. 17.) It is also clear from the decision that the ALJ considered treatment notes from various providers. (Tr. 15–19.) When discussing the medical record generally without an assignment of weight to any specific provider, the ALJ explained that although the Plaintiff's "medically determinable impairments could reasonably be expected to cause some, if not all, of [her] alleged symptoms.…the [medical] evidence discussed [in the decision] suggests greater ability and sustained capacity than alleged by the [Plaintiff]." (Tr. 18.)

As such, the undersigned finds that the ALJ was not under an obligation to assign weight to the treatment notes of Dr. Vu or Stewart-Marchman, as they did not constitute medical opinions, and the ALJ's decision was supported by substantial evidence.

### B. **The Hypothetical Posed to the VE Fully and Accurately Reflects Plaintiff's Condition**

At step five, the burden of proof shifts to the Commissioner to demonstrate that there are jobs in significant numbers that Claimant could have performed. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). At this step, the ALJ must "articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). When a claimant "cannot perform a full range of work at a given level of exertion or the claimant has non-exertional impairments that significantly limit basic work skills[,] . . . the Commissioner's preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a VE." *Curcio v. Comm'r of Soc. Sec.*, 386 F. App'x 924, 925 (11th Cir. 2010) (unpublished) (internal quotation marks omitted).

When "the ALJ elects to use a [VE] to introduce independent evidence of the existence of work that a claimant could perform, the ALJ must pose a hypothetical that encompasses all of the claimant's severe impairments in order for the VE's testimony to constitute substantial evidence."

*Chavanu v. Astrue*, No. 3:11-cv-388-J-TEM, 2012 WL 4336205, at *9 (M.D. Fla. Sept. 21, 2012) (citing *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985)) (emphasis added).

Plaintiff argues that if the ALJ had properly reviewed and assigned weight to the treatment notes of Dr. Vu and the notes of Fusion and Gad at Stewart-Marchman, he would have posed a hypothetical to the VE that "fully and accurately reflects [Plaintiff's] condition." (Doc. 24 at 24.) Thus, the success of Plaintiff's VE argument depends entirely on her first argument: Because the ALJ failed to assign the appropriate weight to what she deems opinions of Dr. Vu and the providers at Stewart-Marchman, the hypothetical to the VE was inaccurate. Since I have already concluded that the ALJ's treatment of the medical evidence from Dr. Vu and Stewart-Marchman was proper, I therefore conclude that the ALJ's hypothetical to the VE was based on substantial evidence.

## V. RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **AFFIRM** the Commissioner's final decision in this case; and
2. **DIRECT** the Clerk to enter judgment accordingly and **CLOSE** the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 29, 2021.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties